BENJAMIN B. WAGNER
United States Attorney
SARALYN M. ANG-OLSON, SBN 197404
Special Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:10-MC-00092-MCE-GGH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CONSENT JUDGMENT |
| | ) | OF FORFEITURE |
| 2007 SUBARU LEGACY, VIN: 4S3BL616877204018, LICENSE NUMBER 5XXY530, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.  On January 26, 2010, agents with the South Lake Tahoe Narcotics Enforcement Team (hereafter "SLEDNET") executed a state search warrant at 998 Panorama Court, South Lake Tahoe, California, which is the residence of the claimants.  The 2007 Subaru Legacy, VIN: 4S3BL616877204018, License Number 5XXY530 (hereafter "defendant vehicle") was seized later in the day from claimant Douglas Duane Eversole at Kirkwood Mountain Ski Resort pursuant to the state search warrant.

///

1 On January 29, 2010, The Drug Enforcement Administration (hereafter "DEA") adopted the defendant vehicle for federal forfeiture.  DEA then commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about June 4, 2010, the DEA received a claim from Douglas Duane Eversole asserting an ownership interest in the defendant vehicle.  On or about June 14, 2010, DEA received an claim from Deborah Morton asserting an ownership interest in the defendant vehicle.

2.  If this matter proceeded to trial in a civil forfeiture proceeding the United States would show that on January 23, 2010, in the Eastern District of California, claimant Deborah Morton used the defendant vehicle to meet and negotiate the future purchase of a large amount of marijuana with an undercover agent from SLEDNET.

3.  During the search of claimants' residence, agents discovered an indoor marijuana grow with 58 marijuana plants, 76 pounds of marijuana, approximately $42,765.00 in U.S. Currency, one assault rifle, four firearms and indicia in the names of the claimants.  When the defendant vehicle was seized from claimant Douglas Duane Eversole, officers found a small amount of marijuana in the vehicle and noted that the defendant vehicle had a strong odor of marijuana.

4.  Without admitting the truth of the factual assertions contained in this stipulation, claimants specifically deny the same, and for the purpose of reaching an amicable resolution and compromise of this matter and all civil claims arising out of the factual averments made above, claimants agree that an adequate factual basis exists to support forfeiture of the defendant vehicle.

Claimants hereby acknowledge that Douglas Duane Eversole is the sole owner of the defendant vehicle and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, the claimants agree to hold harmless and indemnify the United States.

   5.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355(a), as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

   6.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1355(b) and 1395, as this is the judicial district in which the defendant vehicle was seized.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

   7.  The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

   8.  Upon entry of a Consent Judgment of Forfeiture, all right, title, and interest in the 2007 Subaru Legacy, VIN: 4S3BL616877204018, License Number 5XXY530, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

   9.  Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure and forfeiture of the defendant funds.

///

///

This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and forfeiture, as well as to those now known or disclosed. The parties have agreed to waive the provisions of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

10. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant vehicle and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

11. All parties will bear their own costs and attorneys' fees.

### CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.

IT IS SO ORDERED.

Dated: September 7, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE